Earle, J.
On the case made by the proof, it would not be easy for the plaintiff to make out his right to retain this verdict. The whole of the evidence showed clearly that the claim of the plaintiff was colorable only, and intended merely to protect the property against the creditors of Newell; and on the grounds taken for a new trial, we should be very unwilling to allow the verdict to stand. But the motion of the defendant for a nonsuit presents the plaintiff’s case in an aspect which forbids that he should recover in this action. To maintain trover, the plaintiff must have not only a right of property, general or special, but also an actual or constructive possession, i. e. the right of immediate possession. At the time of the levy and sale, in March, 1834, the chattels sued for were in the actual possession of Newell, on hire, for the whole of that year; until the end of that term, he had a special property in them, and was entitled to retain possession even against the plaintiff In Ward vs. McCauly, 4 Term R. 489, the plaintiff brought trespass against the sheriff for taking in execution the furniture of the plaintiff in a house to let to Lord Montfort, for a term, ready furnished — and it was held that the action would not lie ; and although Lord Kenyon said that trover was the proper remedy, yet afterward, in Gordon vs. Harper, 7 Term R., 9, which was trover brought in a similar case, he said the opinion he had expressed was an extra-judicial one, to which, on Consideration, he could not subscribe. And it was held by the whole Court, that trover would not lie for the landlord during the continuance of the term, as the tenant had the right of possession; that he would be a trespasser himself if he took them from the tenant, and that trover would not lie in any case unless the property converted was in the actual or implied rightful possession of the plaintiff. But the case here is still stronger against the plaintiff’s right to maintain this action, For, supposing him *19 capable of maintaining trespass or trover on the possession of the hirer, his bailee, against one who should destroy the property, or so effectually convert it that he could never recover the possession; the proof is, that without any charge whatever to the plaintiff, the goods were restored to the possession of Newell before the expiration of the term for which they were hired, ready to be delivered up to the plaintiff as soon as, by the terms of the contract, he was enabled to have them. The injury, therefore, was solely to the posses-, sion of the tenant during the term, and the plaintiff having-sustained no injury whatever, had no right .of action, and was not entitled to nominal damages. The plaintiff, therefore, must be called.
The motion for a nonsuit is granted.